UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE RANDALL,

Petitioner,

v.

MAGGIE MILLER-STOUT,

Respondent.

Case No. C06-5545RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**January 19, 2007**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner challenges his 2002 Kitsap County convictions for one count of manufacture of a controlled substance, methamphetamine, and one count of possession of a controlled substance,

REPORT AND RECOMMENDATION- 1

methamphetamine.  Having reviewed the file the court concludes this petition is time barred and procedurally barred.  The petition should be **DISMISSED WITH PREJUDICE.**

## FACTS

The Washington State Court of Appeals summarized the facts surrounding Mr. Randall's convictions and sentence as follows:

> On June 26, 2001, Port Orchard police executed a search warrant on a residence located at 310 Perry Avenue in Port Orchard. No one was home at the time. Police recovered several items that indicated the presence of a methamphetamine laboratory. Two of these items, a can marked "Denatured Alcohol," and another can marked "Acetone," had Randall's fingerprints on them. III Report of Proceedings (RP) (May 1, 2002) at 115. Several other items consistent with methamphetamine manufacturing were also recovered, including pseudoephedrine blister packs, pure ephedrine, red phosphorus, muriatic acid and funnels, and Coleman fuel. There were also several pieces of mail addressed to Randall at that residence, as well as Randall's driver's license, which also listed his address as 310 Perry Avenue. After the search, a woman named Diana Cherry stopped at the residence to recover some of her personal belongings. Police allowed her to remove the items. Based on the evidence collected at the residence, the State charged Randall with the manufacture of methamphetamine.
>
> On July 6, 2001, a Kitsap County Deputy sheriff attempted a traffic stop of Cherry's vehicle for failing to use a turn signal. Cherry sped away with the deputy in pursuit. During the chase, Cherry briefly stopped the vehicle to allow a male passenger to jump out and run into the woods. Cherry again attempted to flee, but the deputy eventually stopped and arrested her. Immediately after Cherry's arrest, another deputy used a K-9 tracking dog to find Randall in the woods, where he was arrested with a baggie of methamphetamine. The State amended the earlier information to charge Randall with a second count of possession of methamphetamine.
>
> Immediately prior to trial, Randall filed a motion to sever the two counts against him. The trial court denied the motion. Randall renewed his motion to sever at trial, which the trial court also denied. A jury convicted Randall of both counts and Randall appeals.

(Dkt. # 12, Exhibit 6, pages 1 and 2).

## PROCEDURAL HISTORY

Petitioner was convicted by jury trial.  He was sentenced on June 7, 2002 to 150 months.  Petitioner appealed his conviction and sentence to the Washington State Court of Appeals.  On direct appeal his counsel raised two issues.  The first issue is sufficiency of the evidence to convict for manufacture of methamphetamine (Dkt. # 12, Exhibit 2, page 1).  The second issue is refusal to sever the manufacture of methamphetamine from the possession of methamphetamine charge (Dkt. #

REPORT AND RECOMMENDATION- 2

12, Exhibit 2, page 1).

Petitioner filed a pro se brief in which he raised three additional grounds for review. The additional grounds were:

    1.    The search of his home violated the Fourth Amendment.

    2.    Petitioner's offender score was incorrect for sentencing.

    3.    A "school zone" sentence enhancement was incorrect.

(Dkt. # 12, Exhibit 4 ). On November 13, 2003, the Washington State Court of Appeals affirmed the conviction and sentence (Dkt. # 12, Exhibit 6).

Petitioner filed a motion for discretionary review with the Washington State Supreme Court. The only issue raised was sufficiency of the evidence to convict petitioner of manufacture of methamphetamine (Dkt. # 12, Exhibit 6A, page1). On June 2, 2004, the Washington State Supreme Court denied review (Dkt # 12, Exhibit 13). Thus, on direct review petitioner exhausted one claim, sufficiency of the evidence to convict him of manufacture of methamphetamine.

Petitioner did not file a timely federal habeas corpus petition or take any other action regarding his conviction until June 16, 2006. On June 16, 2006, as a result of state court decisions, he filed a Personal Restraint Petition challenging his conviction for manufacture of methamphetamine (Dkt. # 12, Exhibit 15 and 16). The issue raised by petitioner is that he had actually manufactured methamphetamine hydrochloride and not methamphetamine (Dkt. # 12, Exhibit15 and 16). He argued the manufacture of methamphetamine hydrochloride is a different crime was only punishable by a maximum of five years (Dkt. # 12, Exhibit 15 and 16). The Washington State Court of Appeals stayed his petition while the Washington State Supreme Court considered a related case.

On August 10, 2006, the state supreme court decided the related case. State v Cromwell, 157 Wn.2d 529 (2006). The result was not favorable to petitioners' position. The state supreme court rejected the contention that manufacture of methamphetamine hydrochloride was any different from manufacture of the methamphetamine in it's "base" form. State v Cromwell, 157 Wn.2d 529 (2006) The Washington State Court of Appeals dismissed petitioner's Personal Restraint Petition

REPORT AND RECOMMENDATION- 3

and in that dismissal specifically stated "Even though Randall's petition is untimely, it arguably triggers an exception to the time bar based on a significant change in the law" (Dkt. # 12, Exhibit 19, page 1 footnote 1).

Petitioner did not seek discretionary review of the dismissal of his Personal Restraint Petition. Thus, petitioner's 2006 Personal Restraint Petition did not exhaust any issue.

This 28 U.S.C. § 2254 federal habeas corpus petition followed. Petitioner argues his due process rights were violated because he manufactured methamphetamine hydrochloride and not methamphetamine (Dkt. # 4, opening brief in support of petition). The respondent has filed an answer and argues the petition is untimely and procedurally barred (Dkt. # 11). Petitioner has filed a traverse which the court has considered (Dkt. # 13).

### EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims do not meet the threshold requirements. Therefore, petitioner is not entitled to an evidentiary hearing.

### STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris,

REPORT AND RECOMMENDATION- 4

465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A.  Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

On direct appeal Petitioner exhausted one claim, sufficiency of the evidence to convict him of manufacture of methamphetamine. That claim is not raised in his federal petition. No other claim or issue had been exhausted because no other claim was ever presented to the Washington State Supreme Court by petitioner. No motion for discretionary review was filed from the dismissal of his Personal Restraint Petition in 2006. Thus, no issue in the Federal petition has been exhausted. Petitioner is now precluded form returning to state court as it has been more than one year since his criminal conviction became final and any return to state court would be a second or successive petition. See, RCW 10.73.090 and RCW 10.73.140.

REPORT AND RECOMMENDATION- 5

B. <u>Procedural Bar</u>.

Normally, a federal court faced with an unexhausted or mixed petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Here, however, petitioner is barred from filing another petition in state court as any attempt to file another petition will be deemed time barred. <u>See</u>, RCW10.73.090 and RCW 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice" or, petitioner demonstrates cause and prejudice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice. He simply did not file a petition for discretionary review after dismissal of his untimely state court Personal Restraint Petition.

To show cause in federal court, petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. <u>McCleskey v. Want</u>, 499 U.S. 467, 493-94 (1991). Petitioner cannot show cause that excuses his procedural default in state court. Accordingly, the petition, is **PROCEDURALLY DEFAULTED AND SHOULD NOT BE CONSIDERED.**

C. <u>Time bar under federal law</u>.

28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other

REPORT AND RECOMMENDATION- 6

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244 (d).

The state direct appeal process was concluded June 2, 2004 (Dkt. # 12, Exhibit 13). The one year statue of limitations for filing a federal habeas petition began to run 90 days later as petitioner could no longer file a petition for certiorari with the United States Supreme Court. Thus, on September 1, 2004 the one year began to run. The statute ran without tolling for one year until September 1, 2005. Petitioner was barred from filing a federal habeas corpus challenge well before he filed a Personal Restraint Petition in state court on June 19, 2006 (Dkt. # 12, Exhibit 15 and 16). The fact that the state court considered his petition is irrelevant. None of the exceptions listed in 28 U.S.C. § 2244 (d) apply. This petition is time barred and should be **DISMISSED WITH PREJUDICE.**

## CONCLUSION

This petition is procedurally barred, and time barred. It should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 19, 2007** as noted in the caption.

Dated this 22 day of December, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 7